ROBERT LITTLE v. JAMES J. LITTLE and Others.[1]

May 31, 1901.

Nos. 12,561—(83).

**Will—Undue Influence.**

> In an action brought to test the validity of a will upon the ground that the same had been executed by the testator when of unsound mind and under undue influence exerted over him by the principal devisee, *held*, that the findings of the court are supported by the evidence, to the effect that the testator was of sound mind, and that no improper influence was exerted to induce him to execute the will in the manner he did, and that the will was properly executed.

Petition in the probate court for Blue Earth county by Robert Little that an instrument purporting to be the last will and testament of James Little, deceased, wherein petitioner was named

[1] Reported in 86 N. W. 408.

executor, be admitted to probate.    James J. Little and others filed objections, and from an order admitting the will to probate, they appealed to the district court for said county.    In the district court the case was tried before Cray, J., who found in favor of proponent.    From an order denying a motion for a new trial, contestants appealed to the supreme court.    Affirmed.

*Pfau & Pfau, W. H. Lehman* and *L. W. Prendergast,* for appellants.
*Plymat & Laurisch* and *W. E. Young,* for respondent.

LEWIS, J.

This is an action to contest the probating of a will executed by one James Little, by which he devised all his property, with a small exception, to his son Robert Little.    The will is contested by decedent's other children upon the ground that at the time of the testator's execution of the will he was of unsound mind and unduly influenced, and that the will was not properly executed. It appears from the record that at the time of the execution of the will the testator was past seventy years of age and in feeble health.    At the time of testator's death he had three sons ranging from thirty-six to forty-one years of age, one married daughter fifty-six years old, and another fifty-four years of age, a grandson twenty-two years old, and three granddaughters running from ten to twenty-four years of age; and the principal devisee, Robert Little, was fifty-two years old.    It seems that the testator had been separated from his family for many years prior to his death; that he had been divorced from his wife, and had been making his home with his son Robert, by whom he had been cared for.    The court below found that the testator was of sound mind, that the will was properly executed, and that no undue influence appeared to have been brought to bear upon him to procure its execution.

We have examined the record, and find the testimony amply supports the findings of the court.    All that is claimed on behalf of appellants to show that the testator was of unsound mind is that he was aged, somewhat feeble, and in ill health.    There is no proof that his mind was not clear, or that he was not capable of attending to his business, or that the illness from which he suffered in any way affected his mind.    The only evidence tending

to show undue influence is the fact that he made his home with his son Robert, that he was taken care of by him, and that Robert was with his father at the time of the execution of the will. But these statements, in themselves, are not sufficient to show that it was not the deliberate purpose and intention of the testator to execute the will in the manner he did. Reason enough appears from the record why the testator made his home with his son Robert. He was an old and feeble man, needing the care of a son, and no other member of the family seemed able to get along with him. The record shows that on different occasions he openly expressed his intention of leaving his property to his son Robert in consideration of his kindness to him, and that for the last ten or twelve years of his life it was his purpose to dispose of his property in the manner in which he did in his will. We find nothing in the record sufficient to challenge the conclusions of the trial court upon any of the points raised.

Order affirmed.